## Independent Party's Nomination.

*Election law — Nomination papers — Affidavit — Certificate of prothonotary—Acts of June 10, 1893, and July 9, 1897.*

Objection by Fred. R. Dornsife et al. to nomination papers of the Independent Party. C. P. Northumberland Co., Dec. T., 1927, No. 177.

*C. M. Clement*, for protestants; *L. S. Walters*, contra.

STROUSS, P. J., Oct. 20, 1927.—The respondents in this proceeding filed what they contend to be a nomination paper, in which it is set out: "We, the undersigned, all of whom are qualified electors of Northumberland County, representing the Independent Party, Party or Policy, hereby nominate the following persons, viz.: Fred. R. Dornsife, Undertaker, 226 Chestnut Street, Sunbury, Pa., County Commissioner; John Guise, Miner, 918 Chestnut Street, Kulpmont, Pa., County Commissioner; Lincoln S. Walter, Attorney, 49 East Third Street, Mt. Carmel, Pa., District Attorney; Charles E. Klinger, Salesman, Herndon, Pa., County Treasurer; C. C. Reitz, Superintendent, Snydertown, Pa., High Sheriff."

This paper was filed with the county commissioners on Oct. 11, 1927. On Oct. 14th, an objection was filed thereto and the hearing duly had thereon on Oct. 18, 1927. There being no jurisdictional question before the court as to the right to proceed with the hearing, the case proceeded. It was conceded at the hearing, thereby disposing of the necessity of receiving evidence, that the proviso contained in the third section of the Act of July 9, 1897, P. L. 223, had not been complied with by the respondents. This being the sole objection filed to the nomination paper in question and non-compliance with this provision being conceded, the question for determination by the court is whether a political body can file nomination papers without complying with the provisions of the proviso in the third section of the act aforesaid. This question is no longer at large under the authority of Cramer's Nomination Papers, 2 D. & C. 46. It is true that in the Cramer case the political body undertook to comply with the requirements of the section which would give them the exclusive use of the name Citizens' Party, but failed to obtain a certificate from the prothonotary setting forth that five electors had preempted the party name. The necessary affidavit had been filed with the prothonotary, but the certificate of the prothonotary had not been filed with the nomination paper. In the instant case, no affidavit required by the proviso in the third section was filed with the prothonotary, nor was any certificate from the prothonotary, as required by the third section, filed with the nomin-

ation paper. Judge Copeland, in a review of the authorities in the Cramer case, reached the conclusion that the penalty for failure to comply with the proviso was not merely the denial of the exclusive use of the name under which the nominations were made, but that the nomination papers were absolutely void. In the instant case, it will be seen, respondents totally failed to avail themselves of the provisions of the law which would have given to them, as group candidates, a party name.

We cite, with approval, what is said by Judge Whitehead in Hamilton's Nomination Papers, 7 D. & C. 523, 524:

"The Act of June 10, 1893, P. L. 419, as amended by the Act of July 9, 1897, P. L. 223, clearly provides for three methods of nomination.

"The first method is under section 2 of the Act of 1893, which provides for the filing of nomination papers following a convention of delegates, or primary meetings of electors, or caucuses held under the rules, or any board authorized to certify nomination papers representing a political party.

"The second method is under section 3 of said Act of 1893, which provides for the filing of nomination papers by an individual not connected with, or related to, any convention, primary meeting, caucus or board.

"The petition in the case at bar was filed under this method; that is, under section 3 of the Act of 1893, as amended in the Act of 1897. Under this section, any qualified elector could file a petition as a candidate for the office of jury commissioner, provided the petition contained the names of 2 per centum of the largest entire vote cast for any officer elected at the last preceding election in the county.

"The third method is under the proviso in section 3 of the Act of 1893, as amended by the Act of 1897, and which proviso provides for the nomination of candidates when and after five electors composing any political body making a nomination by nomination papers shall file with the prothonotary an affidavit setting forth that they have adopted a certain political appellation to designate their policy.

"Under the *first* method of nominations, that provided for in section 2 of the Act of 1893, and under the *third* method, that provided by the proviso in section 3 of the Act of 1897, certain certificates must accompany the nomination paper when filed. Under the *second* method, that provided in section 3 of the Act of 1897, the act under which the nomination paper in this case was filed, no certificate is required."

Thus it appears that the second section of the Act of 1893 provides for the nominations by political parties as designated therein; the third section of that act provides for other nominations. The Act of 1897 amended the third section of the Act of 1893 by providing requirements for nominations by new political bodies. The respondents in this case have not filed their nomination paper as a political party under the second section, nor as individuals under the third section, nor as a new political body under the proviso of the third section of the Act of 1897, and the nomination paper is null and void. We are, therefore, obliged to sustain the objection filed thereto. It is clear that the endeavor was to set up a new political party, and what has been said in Wakefield's Appeal, 229 Pa. 584, is illuminating. In that case, it is stated, in a *per curiam* opinion, as follows: "In the organization of a new party, more or less confusion necessarily arises. Five electors pre-empt a party name for state offices and this is followed by filing nomination papers, naming the candidates. This starts the movement with the right to the exclusive use of the name pre-empted and with the nomination of persons desired as candidates. It is the foundation upon which the new party structure rests."

Independent Party's Nomination.

And now, Oct. 20, 1927, it is ordered, adjudged and decreed that the nomination paper of all the respondents in this proceeding is irregular and void and that their names cannot appear among the list of candidates to be voted for at the general election to be held in November, 1927, under this nomination paper; and it is further ordered and decreed that the costs of this proceeding are to be borne by the respondents.